UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

LAURI PARKS,

       Plaintiff

v.

                                  **Case No.:**
                                  **Judge:**

CITY OF GRAND RAPIDS
and
MAYOR GEORGE HEARTWELL,

       Defendants.
_____/

H. Wallace Parker (P18647)
Parker, McGruder & Associates, P.C.
Attorney for Plaintiff
44060 Woodward Ave., Ste 200
Bloomfield Hills, MI 48302
(248) 332.0222
parkermcgruderlaw@gmail.com

_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

**Jurisdiction, Venue, and Parties**

1. This is a civil action brought pursuant to 42 USC § 1983, 42 USC § 2000(e), and MCL § 37.2202(1)(a), seeking money damages against Defendants for purposeful discrimination, under color of law, in violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, Title VII of the Civil Rights Act, and the Elliott-Larsen Civil Rights Act.

2. This court has jurisdiction pursuant to 28 USC §1331, §1343(a)(3), and §1343(a)(4).

3. Venue lies in the Western District of Michigan pursuant to 28 USC §1391(b).

4. Plaintiff is an African-American person.

5. Plaintiff is a woman.

6. Plaintiff is a resident of the City of Grand Rapids, within the Western District of Michigan.

7. Defendant City of Grand Rapids is a municipal corporation organized and existing under the constitution and laws of the State of Michigan.

8. Defendant Mayor George Heartwell is, and was at all relevant times, the duly elected Mayor of the City of Grand Rapids.

**Facts**

9. Plaintiff was appointed City Clerk for the Defendant City of Grand Rapids in 2008.

10. As City Clerk, Plaintiff's duties included, but were not limited to, supervision and management of office staff, operating the records center and archives, administering passport applications, assisting the public in accessing documents and information, conducting all necessary elections in the City of Grand Rapids, and maintenance of voting system.

11. During her employment as City Clerk, Plaintiff performed admirably in her role as City Clerk, and achieved recognition for several notable accomplishments, including but not limited to:

    a) Departmental service improvement,

    b) community outreach,

    c) increased voter registration,

    d) improved absentee ballot processes,

    e) diversification of staff,

    f) use of e-poll books, and

    g) increased staff training opportunities

12. On or about September 30, 2013, acting under color of law and pursuant to his authority for the City of Grand Rapids, Defendant Heartwell informed Plaintiff that she would be placed on administrative leave, beginning immediately.

13. On or about October 1, 2013, acting under color of law and pursuant to his authority for the City of Grand Rapids, Defendant Heartwell informed Plaintiff that she was being terminated from her position as City Clerk.

14. Plaintiff timely filed a charge of race discrimination and sex discrimination with the Michigan Department of Civil Rights, and brings this action within 90 days of receiving her notice of right to sue.

## Count I: Violation of 42 USC §1983

15. Plaintiff incorporates by reference paragraphs 1-14 of this complaint.

16. Upon information and belief, Defendant City of Grand Rapids has maintained a policy and practice of employing few or no African Americans in city employment.

17. The actions of Defendant Heartwell in terminating the Plaintiff's position were taken pursuant to the policy and practice of Defendant government unit in declining to employ

African Americans in city employment.

18. Defendant's actions in terminating Plaintiff's employment in the position of City Clerk because of or on the basis of her race abridge her right to equal protection of the laws in violation of the Fourteenth Amendment to the U.S. Constitution.

19. As a direct and proximate result of Defendant's actions, Plaintiff has suffered, and will continue to suffer substantial damages, including but not limited to, the loss of wages and benefits she would have received as an employee of Defendant government unit.

## Count II: Violation of 42 USC §2000(e): Racial Discrimination

20. Plaintiff incorporates by reference paragraphs 1-19 of this Complaint.

21. At all material times, Defendant City of Grand Rapids was an employer, covered by and within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII").

22. Plaintiff's race was a factor that made a difference in Defendant's decision to subject her to the wrongful and discriminatory treatment described above.

23. Defendant, by its agents, representatives, and employees, was predisposed to discriminate on the basis of race and acted according to that disposition.

24. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

25. If Plaintiff had been Caucasian, she would not have been treated in the manner described.

26. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, benefits, has suffered mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

### Count III: Violation of 42 USC §2000(e): Gender Discrimination

27. Plaintiff incorporates by reference paragraphs 1-26 of this Complaint.

28. At all material times, Defendant City of Grand Rapids was an employer, covered by and within the meaning of Title VII of the Civil Rights Act of 1964 (Title VII).

29. Plaintiff's gender was a factor that made a difference in Defendant's decision to subject her to to the wrongful and discriminatory treatment described above.

30. Defendant, by its agents, representatives, and employees, was predisposed to discriminate on the basis of gender and acted according to that predisposition.

31. Defendant's actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

32. If Plaintiff had been male, she would not have been treated in the manner described.

33. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff has sustained loss of earnings, earning capacity, benefits, has suffered mental

anguish, physical and emotional distress, humiliation and embarrassment, and loss of professional reputation.

## Count IV: Violation of MCL §37.2101: Racial Discrimination

34. Plaintiff incorporates by reference paragraphs 1-33 of this Complaint.

35. At all material times, Plaintiff was an employee, and Defendant was her employer, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.

36. Plaintiff's race was at least one factor that made a difference in Defendant's decision to terminate Plaintiff from her position as City Clerk.

37. Had Plaintiff been Caucasian, she would not have been terminated.

38. Defendant City of Grand Rapids, through its agents, representatives, and employees, was predisposed to discriminate on the basis of race, and acted according to that predisposition.

39. Defendant City of Grand Rapids, through its agents, representatives, and employees, treated Plaintiff differently from similarly situated non-minority employees in the terms and conditions of employment, based on unlawful consideration of race.

40. Defendant's actions were intentional and in disregard for Plaintiff's rights and sensibilities.

41. As a direct and proximate result of Defendant's unlawful actions, Plaintiff sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, humiliation and embarrassment, mental and emotional distress, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

### Count IV: Violation of MCL §37.2101: Gender Discrimination

42. Plaintiff incorporates by reference paragraphs 1-41 of this Complaint.

43. At all material times, Plaintiff was an employee, and Defendant was her employer, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.

44. Plaintiff's gender was at least one factor that made a difference in Defendant's decision to terminate Plaintiff from her position as City Clerk.

45. Had Plaintiff been male, she would not have been terminated.

46. Defendant City of Grand Rapids, through its agents, representatives, and employees, was predisposed to discriminate on the basis of gender, and acted according to that predisposition.

47. Defendant City of Grand Rapids, through its agents, representatives, and employees, treated Plaintiff differently than similarly situated male employees in the terms and conditions of employment, based on unlawful consideration of gender.

48. Defendant's actions were intentional and in disregard for Plaintiff's rights and sensibilities.

49. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, humiliation and embarrassment, mental and emotional distress, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

## Relief Requested

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter a judgment against the Defendant for the relief sought of $1,000,000.00 to compensate Plaintiff for her lost past and future wages and benefits, punitive and exemplary damages, and as an award of interest, costs, and reasonable attorney fees.

*Respectfully Submitted,*

*Parker, McGruder & Associates, P.C.*

Date: 12/16/14

By: /s/ H. Wallace Parker

H. Wallace Parker (P18647)

44060 Woodward Ave., Ste 200

Bloomfield Hills, MI 48302

(248) 332.0222

parkermcgruderlaw@gmail.com

## DEMAND FOR TRIAL BY JURY

NOW COMES the Plaintiff, Lauri Parks, by and through her attorneys, Parker, McGruder & Associates, P.C., and hereby demands a trial by jury.

*Respectfully Submitted,*

*Parker, McGruder & Associates, P.C.*

Date: 12/15/14

By: <u>/s/ H. Wallace Parker</u>

H. Wallace Parker (P18647)

44060 Woodward Ave., Ste 200

Bloomfield Hills, MI 48302

(248) 332.0222

parkermcgruderlaw@gmail.com